**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JUDITH MITCHELL,

                         Plaintiff,

       - against -

TOWN OF SOUTHAMPTON, SOUTHAMPTON
TOWN BOARD, VINCENT CANNUSCIO, in his
individual and official capacity, JIM DREW, in his
individual and official capacity, STEVE HALSEY,
in his individual and official capacity, PATRICK
HEANEY, in his individual and official capacity,
and MARTHA ROGERS, in her individual and
official capacity,

                         Defendants.
-------------------------------------------------------------X

**ORDER**

CV 03-445 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Counsel for Defendants Jim Drew, Steve Halsey, Patrick Haney, the Town of Southampton and the Southampton Town Board has moved by letter motion dated November 20, 2006 [DE 55] for a protective order to strike certain interrogatories and document demands on the grounds that these discovery demands exceed the scope of the Court's September 13, 2006 Order. Counsel for Defendant Martha Rogers has also submitted a letter [DE 54] objecting to the scope of the discovery demands served by Plaintiff and requesting that the Court provide guidance to the attorneys for all parties as to the parameters of the language contained in my September 13, 2006 Order. Plaintiff's counsel opposes the letter motion [DE 56], noting that Defendants' counsel seek to define the prior Order in the narrowest of terms for Defendants' benefit and that such limitations are not supported.

In the September 13, 2006 Order, taking into account Judge Platt's decision denying the motion to dismiss and the Second Circuit's Summary Order affirming that decision, I stated the following:

> . . . additional discovery at this time regarding the nature of the actions taken by Defendants is entirely consistent with, and indeed, contemplated by Judge Platt's decision. . . . A fair reading of the Second Circuit's decision suggests that as a threshold matter in support of their defense of absolute immunity, Defendants need to establish that the role of the ATA was a policymaking one; however, the inquiry does not end there. . . . In the interest of judicial economy, the most prudent manner in which to proceed is to allow Plaintiff to explore Defendants' motivation in reaching the hiring decision prior to Defendants' filing a motion for summary judgment.

With regard to "guidance" in dealing with the policymaker doctrine, I also pointed to the factors used to evaluate this issue as set forth in *Vezzetti v. Pellegrini*, 22 F.3d 483, 486 (2d Cir. 1994), which seems to be an appropriate working model for the particular issues raised in the instant case:

> [t]hese factors include whether the employee (1) is exempt from civil service protection, (2) has some technical competence or expertise, (3) controls others, (4) is authorized to speak in the name of policy-makers, (5) is perceived as a policymaker by the public, (6) influences government programs, (7) has contact with elected officials, and (8) is responsive to partisan politics and political leaders.

*Vezzetti*, 22 F.3d at 486, (citing *Regan v. Boogertman*, 984 F.2d 577, 580 (2d Cir. 1993)). The *Vezzetti* test therefore requires a fact-specific inquiry.

Moreover, I reiterated that discovery should also take into account "any other relevant considerations" as set forth in the Summary Order. In doing so, I noted that the "narrowly tailored inquiry" permissible in this case included discovery into the specific issues related to Plaintiff's claim that her lack of appointment to an ATA position was racially motivated.

Therefore, aside from the issues of policymaking which go directly to the absolute immunity issue, Plaintiff is entitled to explore the motive behind the hiring decision at issue in this case.

With these directives in mind, I have reviewed the specific objections raised by Defendants to the interrogatories and document demands served by Plaintiff. Having considered each of these objections, as well as the opposition stated by Plaintiff, Defendants' motion for a protective order is GRANTED, in part, to the extent set forth below. Therefore, it is hereby

ORDERED, that in response to Interrogatory No. 1, Defendants shall provide the information requested in the interrogatory posed, only for those candidates *hired* for the position of Town Attorney, Assistant Town Attorney or Deputy Town Attorney, for the shorter of (1) the period during which any named Defendant has served on the Southampton Town Board or (2) the five year period prior to the filing of the instant lawsuit (*i.e.*, the five year period immediately preceding January 28, 2003). This information as requested is relevant to both the disputed issue of the ATA role as policymaker as well as the issue of motivation, and the period of limitation does not place an undue burden on Defendants; and it is further

ORDERED, that with regard to Interrogatory No. 2, to the extent that "procedural guidelines" for hiring new Town Attorneys, Assistant Town Attorneys or Deputy Town Attorneys exist in writing or, alternatively, exist as a practice that can be described orally, such information, and identification of the source of such information, is to be produced for the shorter of (1) the period during which any named Defendant has served on the Southampton Town Board or (2) the five year period prior to the filing of the instant lawsuit (hereafter referenced as the "Operative Period"). The information should encompass the subheadings of Interrogatory No. 2 to the extent such information exists. These items are within the scope of my

previous Order and are relevant if any of the Defendants were serving on the Board at the time such hiring guidelines were created, amended, or revised. The job descriptions and setting of qualifications for these positions are relevant to the disputed issue of the ATA role as policymaker as well as the issue of motivation; and it is further

ORDERED, that in light of the fact that some of the information requested in Interrogatory No. 3 is already encompassed in the response to Interrogatory No. 2, Defendants' response will be limited to providing the race, gender and political affiliation of the source(s) disclosed in Interrogatory No. 2, whether the "guidelines" or "practice" referenced by me in the previous decretal paragraph has been modified or amended during the Operative Period, and if so, by whom; and it is further

ORDERED, that Defendants are not required to respond to Interrogatory No. 4 as presently constructed given the ambiguity of the language contained therein; and it is further

ORDERED, that Defendants are not required to respond to Interrogatory No. 5 which is beyond the scope of the limited discovery directed in my September 13, 2006 Order; and it is further

ORDERED, that with regard to Interrogatory No. 9, since Plaintiff's Complaint alleges claims of discrimination based on race and color as well as political affiliation (and not gender or ethnic origin), Defendants shall respond by providing the information requested as to oral or written complaints of discrimination based upon race and color and/or political affiliation made against the individuals and entities named in the interrogatory for the five year period immediately preceding January 28, 2003. This information is relevant to the disputed issue of issue of motivation; and it is further

ORDERED, that Defendants shall respond to Interrogatory No. 10 by providing the information requested therein, but only for the Operative Period. This information is relevant to the disputed issue of motivation; and it is further

ORDERED, that Defendants are not required to respond to Interrogatory No. 21 as presently constructed given the ambiguity of the language contained therein, and it is further

ORDERED, that Defendants shall respond to Interrogatory No. 22 by providing the information requested therein, but only for the Operative Period. This information is relevant to the disputed issue of the ATA role as policymaker as well as the issue of motivation; and it is further

ORDERED, that Defendants are not required to respond to Interrogatory No. 23 as presently constructed given the fact that it is overly broad and unduly burdensome and, as presently crafted in part, is beyond the scope of limited discovery permitted by my September 13, 2006 Order; and it is further

ORDERED, that with respect to Document Demand No. 1, Defendants shall provide any responsive documents in their possession, custody or control, subject to the limitations imposed above concerning the individual interrogatory responses; and it is further

ORDERED, that Defendants shall provide documents responsive to Document Demand No. 6 for the Operative Period only; and it is further

ORDERED, that with regard to Document Demand No. 8, since Plaintiff's Complaint alleges claims of discrimination based on race and color as well as political affiliation (and not gender or ethnic origin), Defendants shall provide any responsive documents regarding

5

complaints of discrimination based on race, color and/or political affiliation for the five year period immediately preceding January 28, 2003; and it is further

ORDERED, that Defendants shall provide documents responsive to Document Demand No. 10, to the extent such documents exist, for the period going back to January 28, 1998, but no earlier; and it is further

ORDERED, that Defendants shall provide documents responsive to Document Demand No. 11, for those individuals actually *hired*, for the period going back to January 28, 1998, but no earlier; and it is further

ORDERED, that Defendants are not required to respond to Document Demand No. 12 since the request is beyond the scope of the limited discovery directed in my September 13, 2006 Order; and it is further

ORDERED, that Defendants are not required to respond to Document Demand No. 14 since the request is beyond the scope of the limited discovery directed in my September 13, 2006 Order; and it is further

ORDERED, that Defendants shall provide any and all documents in their possession, custody or control which are responsive to Document Demand No. 15; and it is further

ORDERED, that Defendants shall provide any and all documents in their possession custody or control which are responsive to Document Demand No. 16 for any complaints of discrimination based on race, color or political affiliation only; and it is further

ORDERED, that Defendants are not required to respond to Document Demand No. 19 since the request is beyond the scope of the limited discovery directed in my September 13, 2006 Order; and it is further

ORDERED, Defendants shall provide any and all documents responsive to Document Demand No. 20 for any complaints made during the five year period immediately preceding January 28, 2003; and it is further

ORDERED, that Defendants are directed to serve their responses to Plaintiff's Interrogatories and Document Demands, as modified by this Order, no later than December 22, 2006; and it is further

ORDERED, that Plaintiff's motion to stay the deposition of David Gilmartin, Jr., Esq. [DE 53] until Defendants have responded to Plaintiff's discovery demands, with the consent of the Defendants, is GRANTED; and it is further

ORDERED, that the parties are to comply with the revised discovery dates set forth in the accompanying First Amended Scheduling Order.

**SO ORDERED.**

Dated: Central Islip, New York
December 6, 2006

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge