LAW OFFICES OF
# FREDERICK K. BREWINGTON
ATTORNEYS AND COUNSELORS AT LAW

50 CLINTON STREET, SUITE 501

HEMPSTEAD, N.Y. 11550-4282

FREDERICK K. BREWINGTON

IRA FOGELGAREN

GREGORY CALLISTE, JR.
VALERIE M. CARTRIGHT

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

May 25, 2007

**VIA ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11788

Re:  Mitchell v Town of Southampton, et al.
Docket No.:**CV-03-0445 (JFB) (AKT)**

Dear Judge Tomlinson:

I write this letter only after taking all reasonable steps to bring this matter to a close and have the Defendants comply with what they promised and what all the parties agreed to. Enclosed for the Your Honor's information are copies of letters I have sent to Mr. Sokoloff since our last appearance before Your Honor. As you may recall, on April 17, 2007, the parties entered into an Agreement that required the payment of all settlement funds within 21 days.(Exhibit A) In a telephone call that followed that letter, Mr. Sokoloff informed me that he would send me a draft settlement agreement. I offered to draft the agreement and reminded him of the 21 day limitation/obligation. His response was that he would handle it. Following that conversation, we were asked to provide our EIN number, which we did. Then nothing further was received until I wrote again on May 15, 2007 (Exhibit B). As you will see in that letter I outlined our concerns and that "we consider the agreement reached in Court to have been breached and will seek the intervention of the Court and the full reinstatement of the underlying claims along with the new and amended claims that will arise from this breach." Mr. Sokoloff called me and I agreed to withhold contacting Your Honor based on his assurance that this matter would be dealt with

**Honorable A. Kathleen Tomlinson**
**May 25, 2007**
**Page 2**

promptly. In that conversation, I also agreed to shoulder the work, draft and forward the Settlement Agreement. I did draft that Agreement and forwarded same to Mr. Sokoloff and the other Defendants on May 18, 2007. Thereafter, I heard nothing from Mr. Sokoloff and called him again on May 22, 2007, at which time he verbally informed me that he was having the agreement reviewed by his client and that there was a portion missing in my draft. I immediately revised that Agreement and faxed it to Mr. Sokoloff with a cover sheet that read, "This fax will follow our call today. Enclosed please find the reworked version of the Settlement Agreement. The language from the 4/17/07 agreement in included. Further, please be informed that we will not agree to this matter stretching into next week. If the settlement is not consummated by Friday, we will go before the Court. Kindly advise your client of this fact. Time is of the essence."(Exhibit C) Mr. Sokoloff has stated to me that he thinks the delivery of the settlement funds are "immanent", however he has been unable to tell me what this terms really translates into.

I have left messages with Mr. Sokoloff's office today and yesterday. We write to ask that this matter be recalled by Your Honor for an immediate conference. We fail to see why Defendants did not adhere to the 21 day time period, despite being reminded of it and why there is no firm date for the settlement of this matter. We ask for daily interest to accrue on the settlement amount, and that we be provided the fees and costs associated with having to expend time and resources to pursue the Defendants and have to force the bringing of this matter to a close. The only one being disadvantaged and hurt here is our client, which is simply not fair.

We hope that the Court will understand the level of frustration that exists at this time.

Sincerely,

FREDERICK K. BREWINGTON

FKB:vr
cc:   Brian Sokoloff, Esq.(by fax and ECF)
      S. Pitkin Marshall, Esq.(by fax and ECF)
      Joseph Ryan, Esq. (by fax and ECF)

# EXHIBIT A

Memorandum of Agreement                                4/17/07

Mitchell v. Town of Southampton, et al.

1) Plaintiff agrees to receive and Defendants agree to pay, $285,000 in satisfaction of all claims now pending, including attorneys' fees. Defendants agree to pay this sum within 21 days of the date of this agreement.

2) The terms of this settlement shall remain confidential and said confidentiality shall be mutual. This shall be applicable unless otherwise compelled by law or court order.

3) Plaintiff agrees not to apply for employment by the Town of Southampton, NY and/or its agencies until October 31, 2009.* ~~with the exception of~~ ~~[scribbled out]~~

4) ~~[scribbled out]~~ Plaintiff shall supply a general release to defendants, which shall be provided and held in escrow until the settlement funds are paid.

5) The parties shall execute and file a stipulation of discontinuance, with prejudice.

~~[paragraph scribbled out]~~

* This limitation does not include the running for elected office.

6) This agreement is subject to the approval of the Southampton Town Board.

_____        _____
for Town Defendants               for Plaintiff
Halsey, Haney, and Drew

_____        _____
for Martha Rogers

_____
S. Peter Mankel, by BSS
for D Cannuscio

# EXHIBIT B

LAW OFFICES OF
# FREDERICK K. BREWINGTON

ATTORNEYS AND COUNSELORS AT LAW

50 CLINTON STREET, SUITE 501

HEMPSTEAD, N.Y. 11550-4282

FREDERICK K. BREWINGTON

IRA FOGELGAREN

GREGORY CALLISTE, JR.
VALERIE M. CARTRIGHT

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

May 15, 2007

**<u>VIA FACSIMILE (516)741-9060</u>**
Brian S. Sokoloff, Esq.
Miranda, Sokoloff, Sambursky, Slone and Verveniotis, LLP
240 Mineola Boulevard
Minieola, New York 11501

    Re:   <u>Mitchell v Town of Southampton, et al.</u>
             Docket No.:CV-03-0445 (JFB) (AKT)

Dear Mr. Sokoloff:

    When we last spoke you indicated that you would provide me with a settlement agreement that you were drafting. At that time, I offered to draft the agreement if you were unable to do so and I also reminded you that as agreed, as of April 17, 2007 your client had twenty-one days to provide full payment of the settlement proceeds. Allowing you a full week to comply, we are now clear that same has not been forwarded to this office. Unfortunately, we have not heard from you about the agreement and we have not been provided the settlement funds. Accordingly, we consider the agreement reached in Court to have been breached and will seek the intervention of the Court and the full reinstatement of the underlying claims along with the new and amended claims that will arise from this breach.

    Please be advised that should we not receive the settlement funds by tomorrow, we will be forced to write the Court.

                                    Sincerely,

                                    FREDERICK K. BREWINGTON

FKB:ybw
cc: Joseph Ryan, Esq.(by fax)
    S. Pitkin Marshall, Esq.(by fax)

# EXHIBIT C

LAW OFFICES OF
# FREDERICK K. BREWINGTON
*ATTORNEYS AND COUNSELORS AT LAW*
**50 CLINTON STREET, SUITE 501**
**HEMPSTEAD, N. Y. 11550**

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

**FREDERICK K. BREWINGTON**

**IRA FOGELGAREN**

**GREGORY CALLISTE, JR.**
**VALERIE M. CARTRIGHT**

## TRANSMITTAL COVER SHEET

**DATE:** 05/22/07

**TO:**
| | | |
|---|---|---|
| *BRIAN S. SOKOLOFF, ESQ.* | (o) 516-741-7676 | (f) 516-741-9060 |
| *S. PITKIN MARSHALL, ESQ.* | (o) 212-557-0002 | (f) 212-557-2601 |
| *JOSEPH RYAN, ESQ.* | (o) 516-663-6515 | (f) 516-663-6644 |

**FROM:** *FREDERICK K. BREWINGTON, ESQ.*

**RE:** **MITCHELL v. TOWN OF SOUTHAMPTON, ET. AL.**

**DOCKET NO. CV-03-0445 (TCP)(AKT)**

**MESSAGE (IF ANY):**

This fax will follow our call today. Enclosed please find the reworked version of the Settlement Agreement. The language from the 4/17/07 agreement in included. Further, please be informed that we will not agree to this matter stretching into next week. If the settlement is not consummated by Friday, we will go before the Court. Kindly advise your client of this fact. Time is of the essence.

### INSTRUCTIONS:

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity names above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, collect, and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage.

**NUMBER OF PAGES INCLUDING THIS ONE:** ___

**ORIGINAL DOCUMENTS:**     WILL ___   WILL NOT _X_ FOLLOW BY MAIL